UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COLVIN** § § § | CIVIL ACTION NO: _____ | |
| *Plaintiff* § § | | |
| **PERFORMANCE CONTRACTORS, INC.** § § § § § | | |
| § | JURY DEMAND HEREIN | |
| *Defendants* § § § | | |

## PLAINTIFF'S FIRST PETITION

NOW COMES Plaintiff, **CHRISTOPHER COLVIN**, by and through his attorney **JAMES SUDDUTH, III**, for his Complaint against **PERFORMANCE CONTRACTORS, INC.**, hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings action under the Family Medical Leave Act.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

    b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Calcasieu Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

4. Plaintiff, **CHRISTOPER COLVIN**, is a citizen of the United States and resides in the City Lake Charles, Parish of Calcasieu, State of Louisiana, which is in this judicial district.

5. Plaintiff, **CHRISTOPHER COLVIN**, is was employed by the Defendant as a Staff Crane Operator.

6. Defendant, **PERFORMANCE CONTRACTORS, INC.**, is a corporation duly formed in Baton Rouge, Louisiana.

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant on or about August 4, 1998 as a Combo Welder. Since that time and for roughly the last eleven years, Plaintiff was later working for Defendant as a Staff Crane Operator.

8. Prior to the circumstances of this matter, no disciplinary action had been taken by the Defendant against the Plaintiff.

9. Prior to the circumstances of this matter, Plaintiff was being compensated $30/hour and $100 per diem per day for all out of town work. During his employment, Plaintiff had made up to $34/hour and $100 per diem per day for all out of town work.

10. On January 23, 2017 prior to 6:00 in the morning, Plaintiff called Defendant to request time off in order to take his daughter to a medical facility for treatment of suicidal thoughts and/or actions. Plaintiff called the designated phone number that Defendant had instructed employees who needed to miss work to call.

11. On January 24, 2017 Defendant, by and through Carl Marino, notified Plaintiff that he was terminated for missing work. Prior to January 23, 2017, Plaintiff had missed three (3) days of work while being treated in the Intensive Care Unit in Lake Charles on December 3, 4, and 5, 2016. Plaintiff missed a fourth day of work when taking his daughter in for medical treatment on January 23, 2017. Plaintiff provided doctor's notes to the Defendant.

12. During the Defendant's call to the Plaintiff, Scott Fairchild, the Regional Equipment Manager, verbally told Plaintiff that he was eligible for rehire on February 23, 2017.

13. Defendant provided Plaintiff with written notice of termination on January 23, 2017. This notice is attached hereto as Exhibit A.

14. Since February 23, 2017, Plaintiff has repeatedly contacted Defendant to secure rehire employment. Defendant has been non-responsive.

15. Plaintiff has been unable to retain other employment and is currently receiving unemployment benefits in the amount of $451/week.

16. Plaintiff was not made aware of his right under the Family Medical Leave Act by his employer, **PERFORMANCE CONTRACTORS, INC.**

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
*Pursuant to USCS § 29:2601 et seq.*

17. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

18. The Family Medical Leave Act (FMLA) serves to "balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity".

19. Plaintiff is an eligible employee pursuant to § 29:2611 because Plaintiff has worked for the Defendant for more than twelve (12) months with at least 1,250 hours of service during the previous twelve (12) month period.

20. Defendant is qualified as an employer pursuant to § 29:2611 because the Defendant is engaged in commerce or in any industry or activity affecting commerce who employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

21. Plaintiff had a serious medical condition personally during December 3, 4, and 5, 2016 for which he was treated in an Intensive Care Unit, and prevented him from performing his job duties.

22. Additionally, Plaintiff requested leave from work on January 23, 2017 in order to care for and seek medical treatment for his daughter's serious health condition, which prevented him from performing his job duties.

23. Plaintiff requested, and upon information and belief, was granted intermittent leave by the Defendant. This requested leave was unforeseeable because of the nature of the medical conditions present in this matter. Plaintiff's request gave the Defendant reasonable notice of his need to take leave and the reasons for doing so.

24. Pursuant to § 29:2612(b)(1)-(2), Plaintiff was within his rights provided to him by the FMLA to request intermittent leave.

25. After permitting Plaintiff his requested leave, Defendant terminated Plaintiff for the days missed because of Plaintiff's, and his daughter's, serious health condition.

26. Upon information and belief, Defendant did not request certification of the medical conditions. However, Plaintiff still provided Defendant with medical documentation in support.

27. Under the Act, any eligible employee who takes leave under the applicable section of the Act for the intended purpose of the leave shall be entitled, on return from such leave to be "restored by the employer to the position of employment held by the employee when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment".

28. Furthermore, taking of leave under the Act shall not result in the loss of employment benefits including provided health insurance coverage.

29. The employer shall maintain health insurance coverage for the eligible employee. The Defendant failed to maintain Plaintiff's health care coverage and as a result, Plaintiff has had lapses in coverage, been prevented from receiving treatment and necessary medications, and has had to pay out of pocket for medications that otherwise would have been covered by his health insurance through the Defendant.

30. Upon information and belief, Defendant was not exempt from restoration of employment under § 29:2614(b).

31. Defendant has violated § 29:2615(a) of the FMLA.

32. Wherefore, Plaintiff is entitled to damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation with interest applied, liquidated damages in an amount equal to damages for any wages, salary, employment benefits, or other compensation denied, as well as reimbursement for medical expenses Plaintiff has suffered due to Defendant's discontinuance of Plaintiff's health care coverage.

## PRAYER:

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants providing the following relief:

(a) Reasonable attorney's fees and costs;

(b) Damages in the amount of any and all wages, salary, employment benefits, or other compensation denied or lost by Plaintiff by reason of the violation with interest applied;

(c) Liquidated damages equal to the sum of the amount of any and all wages, salary, employment benefits, or other compensation denied or lost by Plaintiff by reason of the violation;

(d) Reimbursement for medical expenses suffered by Plaintiff that otherwise would have been covered by continued health insurance coverage through Defendant;

(e) Equitable relief as may be appropriate including employment, reinstatement, and promotion;

(f) Any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

SUDDUTH & ASSOCIATES, LLC
Attorneys-at-Law
4216 Lake Street, Suite C
Lake Charles, Louisiana 70605
(337) 480 - 0101 (*Telephone*)
(337) 419 - 0507 (*Facsimile*)

BY: _____
JAMES E. SUDDUTH, III, #35340
Attorney for *Christopher Colvin*